The opinion of the Court was delivered by
Wardlaw, Ch.
The plaintiff Amanda, then Miss Johnson, was residing in Camden with her brother-in-law Alden, when through a letter written by the defendant to Alden, and bearing date May 15, 1845, she was invited to take charge of a female school in the village of Lancaster, in the following terms: “We have had a meeting of all the citizens of the place that are interested in a female school, and aliare perfectly satisfied with Miss Johnson, as recommended, and are very anxious to employ her as our teacher, and are resolved to make her this proposition. We will guarantee to her the sum of $400 for one year, and we will pay her board. She to take charge of the school, and if the school should become too great in number, an assistant will be employed at the expense of the trustees.” Accepting this invitation, she went to Lancaster in June, 1845, and taught a female school there for one quarter and ten days. Becoming sick, she return *92 ed to Camden, with the intention of resuming her school on the restoration of her health; but while at Camden she received a letter from defendant, suggesting that for various reasons the school could not be revived; and she did not resume, nor offer to resume, her employment as a teacher in Lancaster. The parties separated by consent, and neither now insists upon the entirety of any contract between them for a year. At the rate of $400 a year, Miss Johnson would be entitled to $110 for the time she taught the school; and she has received only $33.
By this petition, the plaintiffs seek discovery from the defendant of the names of the trustees of the school, and of the persons represented in the phrase of the defendant’s letter, “ we will guarantee &c.alleging that defendant had declined to disclose these names on their previous application to him; and they pray that he alone, if he wrote the letter without authority from others, or that he, and others, who may be jointly liable with him, when made parties, may be decreed to make payment for the time the plaintiff Amanda taught school, at the rate of $400 a year, with interest.
The defendant, in his answer, insists that this Court has no jurisdiction of the cause; and he makes no discovery beyond the fact that George W. Gill was one of the patrons of the school.
It appears by the proof, that trustees for the school were never appointed.
The petition was referred to the Commissioner of the Court, with reservation of the equities of the parties; and his report ascertains the foregoing facts, and other facts, which are not regarded as material.
At the last sitting of the Court for Lancaster, on hearing the report of the Commissioner, and argument of counsel upon the equities reserved, Chancellor Johnston ordered, that the petition be dismissed, and that each party pay his own costs.
From this order of dismissal, an appeal is taken by the plaintiffs to this Court, on various grounds, which are included in *93 the questions, whether there was any contract between the parties ; and if there were a contract, whether this Court has jurisdiction of the cause.
Does the letter of the defendant to a friend and agent of the plaintiff propose a definite contract, which her acceptance consummated into an agreement, by exhibiting the concurrence of minds of the parties of opposite interests in the subject. If an individual person were to write a letter to one wishing employment as a teacher, nearly in the words of the letter in question, saying, I will guaranty to you f400 a year and board you, if you will teach my daughters ; it would not be questioned, that if the person addressed accepted the offer and entered upon the employment, a valid contract was made. So if one were to make a similar offer in behalf of himself and A. and B., which was accepted, when he had no authority from A. and B. to make the offer, he would be singly bound. Fant vs.. Gadberry, 5 Rich. 10. But in ascertaining the intentions of parties from the language they have employed, Courts should interpret and apply their words in the light of surrounding circumstances, and not insist upon any nice philological construction of their phrases. Qui hceret in litera, hceret in cortice. The letter of the defendant to Alden, agent of the plaintiff Amanda, when fairly interpreted, simply narrates the proceedings of a public meeting, and proposes a basis upon which the plaintiff may treat for a contract with the citizens of- Lancaster interested in a female school. It is not the offer of a contract in behalf of particular persons, to be completed .by acceptance on the other side; it is the suggestion of what an irresponsible community had resolved to do, as the beginning of a correspondence for a contract. “ We will guarantee,” &c., by necessary inference, and by grammatical construction, refers to the writer of the letter and to others in common with him, “interested in a female school ” at Lancaster ; and implies that a definite contract was to be thereafter made. We may regret that Miss Johnson, from youth and inexperience, as suggested in the earnest argument of her counsel, or from any other cause, was incautious in securing fit *94 compensation for her services, by some contract finding her employers, before she entered upon her duties; and we may even regard the defence as ungracious'; but we cannot venture to decide cases upon notions of gallantry and taste. We are of opinion, that the letter of defendant suggested terms upon which a future contract might be made, but did not offer a definite contract, to be completed by acceptance.
• If we are mistaken in this view, the question recurs as to the jurisdiction of this Court. If the letter of the defendant amounts to a guaranty on the part of himself, or of himself with others as to whom he had no authority to contract, to pay the plaintiff Amanda a specific sum of money for certain services to be performed by her, this is a plain legal demand, to be enforced by the action of assumpsit. The plaintiffs do not seek discovery in aid of a suit at law ; and they have obtained no discovery from the defendant. If the petition be regarded as a suit for discovery merely, the plaintiffs cannot contravene the answer; and as a suit for discovery and relief, the plaintiffs must fail, as they have not shewn by the disclosures of the defendant, nor by other proof, any claim to relief peculiar to this jurisdiction. The plaintiffs pray, not for account of complicated, mutual demands, but for payment of a specific sum due to them; and all matters approaching account are raised by the answer and proof by defendant of partial payments on the plaintiffs’ claim. Their remedy, if they have any, is as plain and adequate in the Court of law as in this Court.
It is ordered and decreed, that the appeal be dismissed, and the decree be affirmed.
Johnston and Dunkin, CC., concurred.